IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **HERLINDO JIMENEZ,** | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | Civil No. 4:16-CV-618-O |
| | § | (No. 4:15-CR-07-O-(02)) |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Herlindo Jimenez ("Movant") filed a motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. After considering his Section 2255 motion (ECF No. 1) and the government's response (ECF No. 5), the Court concludes that the Section 2255 motion should be denied as mertiless.

**Applicable Background**

Movant, who was then represented by counsel, pleaded guilty to conspiracy to possess with the intent to distribute a controlled substance. *See United States v. Jimenez*, 4:15-cr-07-O-(02) (N.D. Tex.), ECF No. 36. Movant's Presentence Report ("PSR") recommended a two-level increase to his offense level because he led the conspiracy. *See United States v. Jimenez*, 4:15-cr-07-O-(02) (N.D. Tex.), ECF No. 49; *see also* U.S.S.G. §3B1.1(c) (increasing the defendant's offense level if he "was an organizer, leader, manager, or supervisor" in the criminal activity). Movant's counsel objected to an enhancement based on his role in the offense. *See United States v. Jimenez*, 4:15-cr-07-O-(02) (N.D. Tex.), ECF No. 51 at 1.

Before his sentencing hearing, Movant filed a motion to represent himself *pro se*, citing

*Faretta v. California*, 422 U.S. 806 (1975). *See United States v. Jimenez*, 4:15-cr-07-O-(02) (N.D. Tex.), ECF No. 65. At the hearing, the Court conducted a thorough colloquy with Movant, who persisted in his desire to represent himself. *See United States v. Jimenez*, 4:15-cr-07-O-(02) (N.D. Tex.), ECF No. 83 at 7-10. The Court admonished Movant that he would "be far better defended by a trained lawyer" and that it was "unwise" for him "to try to represent [himself]." *See United States v. Jimenez*, 4:15-cr-07-O-(02) (N.D. Tex.), ECF No. 83 at 9-10. Nevertheless, Movant knowingly and voluntarily waived his right to counsel, so the Court permitted him to proceed *pro se*. *See id.* At the conclusion of the sentencing hearing, the Court overruled Movant's objections to the PSR and sentenced him to 293 months in prison with four years of supervised release. *See United States v. Jimenez*, 4:15-cr-07-O-(02) (N.D. Tex.), ECF No. 70.

Movant, *pro se*, timely filed a notice of appeal. *See United States v. Jimenez*, 4:15-cr-07-O-(02) (N.D. Tex.), ECF No. 79. His appeal was later dismissed, however, because he failed to prosecute it. *See United States v. Jimenez*, No. 15-10628 (5th Cir. Oct. 22, 2015).

Movant now claims that: (1) his "sentence was enhanced by the use of the 'residual clause' language which has been deemed unconstitutional" by *Johnson v. United States*, 135 S. Ct. 2551 (2015); and (2) his counsel was ineffective for failing to (a) object to the sentencing enhancement for Movant's leadership role, (b) request that his state and federal sentences run concurrently, (c) present mitigating evidence at sentencing, and (d) perfect his direct appeal. *See* ECF No. 1 at 4-8.

### ***Johnson* Claim**

There is no merit to Movant's claim that his sentence was enhanced under a provision of the United States Sentencing Guidelines ("U.S.S.G.") that was overturned in the wake of *Johnson*. In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of

the Armed Career Criminal Act," 18 U.S.C. § 924(e)(2)(B)(ii)–which clause defines a "violent felony" as one "involv[ing] conduct that presents a serious potential risk of physical injury to another"–"violates the Constitution's guarantee of due process." 135 S. Ct. at 2563.

But Movant was not convicted of violating the Armed Career Criminal Act. And, contrary to his claim, his sentence was not enhanced under any provision of the U.S.S.G. that increases a defendant's offense level on account of a prior violent felony or crime of violence. *Cf, e.g.,* U.S.S.G. § 4B1.1. So, even if he could successfully challenge a definition in the U.S.S.G. that is similar to the definition that was at issue in *Johnson*, he would not be entitled to relief. More fundamentally, Movant's argument is foreclosed by *Beckles v. United States*, 137 S. Ct. 889, 892 (2017). In *Beckles*, the Supreme Court held that, unlike the criminal statute at issue in *Johnson*, "the Guidelines are not subject to a vagueness challenge under the Due Process Clause." 137 S. Ct. at 892; *see also United States v. Martinez*, 682 F. App'x 304, 304 (5th Cir. 2017) (*Beckles* "squarely held that the Sentencing Guidelines are not subject to vagueness challenges under the Due Process clause."). Thus, Movant is not entitled to relief under *Johnson*.

## Ineffective Assistance of Counsel Claims

Nor is Movant entitled to relief on his ineffective assistance of counsel claims. The Sixth Amendment guarantees a criminal defendant "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prevail on his ineffective assistance claims, Movant must show that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Id.* at 687-91, 694.

Movant first faults his counsel for failing to object to the sentencing enhancement for his

leadership role in the conspiracy. But, before Movant elected to end counsel's representation and to represent himself, counsel filed that exact objection. *See United States v. Jimenez*, 4:15-cr-07-O-(02) (N.D. Tex.), ECF No. 51 at 1 ("There is not legally sufficient evidence or supporting documentation to conclude that [Movant] had a management or leadership role."). Thus, counsel was not deficient as Movant claims. And, because the Court expressly overruled that objection at sentencing, Movant cannot establish prejudice.

Movant also challenges counsel's conduct at the sentencing hearing, claiming that counsel should have asked the Court to order that his federal sentence run concurrent with his state sentence and presented mitigating evidence. Because Movant waived his right to counsel, and elected to proceed *pro se* through the sentencing hearing, these ineffective assistance claims necessarily fail. *See Faretta*, 422 U.S. at 834 n.46 (1975) ("[W]hatever else may or may not be open to him on appeal, a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'"). By exercising his constitutional right to present his own defense, Movant necessarily waived his constitutional right to be represented by counsel. *See Wilson v. Parker*, 515 F.3d 682, 696 (6th Cir. 2008). "Logically, a defendant cannot waive his right to counsel and then complain about the quality of his own defense." *Id.* Thus, Movant cannot successfully challenge his counsel's conduct at the sentencing hearing at which Movant chose to represent himself.

Finally, Movant claims that his counsel failed to file a direct appeal, as Movant ordered him to do. That claim fails for two reasons. First, "[Movant] waived his right to complain about a . . . notice of appeal because he represented himself at the time" that he filed it. *Sloan v. Collins*, 21 F.3d 1109, 1109 (5th Cir. 1994) (per curiam). Second, because Movant did timely file a notice of appeal, he cannot establish prejudice. *See id.* In sum, there is no merit to Movant's claims that his counsel

was ineffective.

### Evidentiary Hearing

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In this instance, the matters reviewed by the Court conclusively show that Movant is entitled to no relief.

### Certificate of Appealability

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court denies a certificate of appealability. Movant has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 48 (2000).

In the event that Movant elects to file a notice of appeal, the Court notes that he will need to pay the appellate filing fee or submit a motion to proceed *in forma pauperis*.

### Conclusion

This Section 2255 action is **DENIED** with prejudice as meritless.

**SO ORDERED** this **8th day** of **November, 2017**.

Reed O'Connor
UNITED STATES DISTRICT JUDGE